UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK SZTROIN,

Plaintiff,

v.

THOMAS A. DITURI, et al.,

Defendants.

CASE NO. C22-5608 BHS

ORDER

This matter comes before the Court on Plaintiff Mark Sztroin's Motion to Remand Case to State Court, Dkt. 5, and Defendant American Alternative Insurance Corporation's Motion to Sever, Dkt. 6, and Motion for Partial Summary Judgment, Dkt. 8. Because American Alternative fails to establish that removal is proper, the motion to remand is granted. Additionally, because remand is proper, the motion to sever and motion for partial summary judgment are denied without prejudice with leave to refile in state court.

## I. BACKGROUND

Sztroin alleges that he sustained injuries when Thomas Dituri struck him with a pickup truck just after Sztroin exited his own vehicle. Dkt. 1-1, ¶ 3.1. Sztroin was on his way to a physical therapy appointment with one of his patients. *Id.* ¶¶ 4.5–4.6. The

truck's owner, Joseph Hall, provided Dituri with express or implied consent to drive the truck. *Id.* ¶¶ 3.2–3.3. At the time of the collision, Dituri was operating within the scope of his work for Thomas Dituri Construction LLC or John Doe Construction. *Id.* ¶ 3.6.

Sztroin's employer, Harbors Home Health & Hospice, had an American Alternative insurance policy that provided underinsured motorist (UIM) coverage. *Id.* ¶¶ 1.5, 4.8, 4.11. American Alternative, through its agent Glatfelter Claims Management, Inc., ultimately denied coverage to Sztroin under this policy, reasoning that Sztroin was neither "occupying a covered auto" nor "using" his automobile when Dituri struck him. *Id.* ¶¶ 4.9, 4.26–4.27.

Sztroin sued Dituri, Hall, Dituri Construction, John Doe Construction, and American Alternative in Grays Harbor County Superior Court. *Id.* at 2. Sztroin alleged that Dituri negligently caused his injuries; that Hall was vicariously liable for Dituri's negligence under the family car doctrine; that Hall was liable under a theory of negligent entrustment; and that Dituri Construction and John Doe Construction were vicariously liable for Dituri's negligence. *Id.* ¶¶ 3.6, 5.1–5.4. Sztroin also claimed that American Alternative was liable for bad faith, breach of contract, and violating the Consumer Protection Act. *Id.* ¶¶ 6.1–7.5. Finally, Sztroin sought a declaratory judgment that he is entitled to the full benefits under the insurance policy between Harbors Home and American Alternative. *Id.* ¶ 6.3.

American Alternative removed the case to federal court on the ground of diversity jurisdiction. Dkt. 1. American Alternative avers that it is a citizen of Delaware and New Jersey, that Sztroin is a citizen of Washington, and that the amount in controversy

exceeds $75,000. *Id.* ¶¶ 6–8, 17–19. It also recognizes that Sztroin is *not* diverse from Dituri, Hall, Dituri Construction, and John Doe Construction, who are also citizens of Washington. *Id.* ¶ 9. However, American Alternative asserts that the Court should disregard the citizenship of the nondiverse defendants based on "fraudulent joinder." *Id.* ¶¶ 16, 20. According to American Alternative, Sztroin "had no valid procedural basis to name them in the same lawsuit as" American Alternative. *Id.* ¶ 9.

Sztroin moves to remand, contending that American Alternative's removal was improper because it was based on the doctrine of "fraudulent misjoinder" and the Ninth Circuit has not adopted this doctrine. Dkt. 5 at 1, 5–6. He also asserts that, even if the Court were to apply this doctrine, removal was improper because the claims against the nondiverse defendants involve overlapping issues of fact and law with the claims against American Alternative. *Id.* at 6–7.

American Alternative agrees that its removal was based on the doctrine of fraudulent misjoinder and that the Ninth Circuit has not adopted this doctrine. *See* Dkt. 11 at 3, 7. Nevertheless, it asserts that fraudulent misjoinder is a valid basis for removal. *Id.* at 7–12. It contends that, because it was improperly joined in the same lawsuit against the nondiverse defendants, the Court should sever Sztroin's claims against those defendants, remand that portion of the case, and retain jurisdiction over the claims against American

Alternative.[1] *Id.* at 12–15; Dkt. 6 at 1, 8. It also moves for partial summary judgment on both the breach of contract claim and the request for a declaratory judgment. Dkt. 8.

## II. DISCUSSION

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). District courts have diversity jurisdiction over actions in which the amount in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a).

The removal statute is strictly construed against removal jurisdiction. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). As such, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the party asserting federal jurisdiction has the burden of establishing that removal is proper. *Id.*

The Ninth Circuit has explained that "[t]here are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). American Alternative does not allege, and the Court does not conclude, that either of these two

---

[1] American Alternative requests oral argument on the motion to remand. Dkt. 11 at 1. Because the briefing in support of and in opposition to this motion adequately addresses the issue of fraudulent misjoinder, this request is DENIED.

means of establishing fraudulent joinder apply. Instead, American Alternative contends that removal is properly based on the doctrine of fraudulent "misjoinder." Dkt. 11 at 7.

This doctrine provides that fraudulent joinder also occurs when the plaintiff joins both diverse and nondiverse defendants and the claim against the diverse defendant has "no real connection" to any claim against a nondiverse defendant. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1072–73 (11th Cir. 2000). Under this doctrine, such egregious "misjoinder" of parties allows courts to ignore the citizenship of the nondiverse parties upon removal. *Id.*

The parties agree that the Ninth Circuit has not adopted the doctrine of fraudulent misjoinder. *See* Dkt. 5 at 1, 5; Dkt. 11 at 3. In fact, most district courts within the Ninth Circuit have expressly declined to adopt it. *See Peterson v. Kennewick*, No. 18-cv-1302-BJR, 2018 WL 6573155, at *8 (W.D. Wash. Dec. 13, 2018) (collecting cases). In criticizing the doctrine, courts and legal scholars have explained "that questions of joinder under state law do not implicate federal subject matter jurisdiction, federal jurisdiction is to be narrowly construed, and the fraudulent misjoinder doctrine has created an unpredictable and complex jurisdictional rule." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 621–22 (8th Cir. 2010) (citing *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006); 14B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 3723 (4th ed. 2009)). Furthermore, in declining to apply the doctrine of fraudulent misjoinder, at least one district court has explained that "the better rule would

require [the diverse defendant] to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court." *Osborn*, 341 F. Supp. 2d at 1127.

Considering the great weight of authority both criticizing and declining to adopt the fraudulent misjoinder doctrine, this Court also declines to adopt it. "This conclusion is supported by the well-recognized doctrine that a removing party bears a heavy burden of persuasion and that if there is any doubt as to whether removal was proper, remand is required." *Id.* at 1128 (citing *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)).

But even if the Court were to recognize fraudulent misjoinder, American Alternative has not established that it is entitled to relief. Again, fraudulent misjoinder occurs when the claim against a diverse defendant has "no real connection" to any claim against a nondiverse defendant. *Tapscott*, 77 F.3d at 1360. This does not mean that mere misjoinder amounts to fraudulent misjoinder. *Id.* Instead, the misjoinder must be "so egregious as to constitute fraudulent joinder." *Id.*; *accord Osborn*, 341 F. Supp. 2d at 1127 ("[E]ven in the Eleventh Circuit not all procedural misjoinder rises to the level of fraudulent joinder."). Indeed, one district court has explained that a defendant must establish not only that "the joinder is procedurally inappropriate," but also that it "accomplishes no other objective than the manipulation of the forum" and that "the rights of the parties and interest of justice is best served by severance." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004).

American Alternative does not establish that the claims against it have no real connection to the claims against the nondiverse defendants. Sztroin's claims against the

nondiverse defendants allege that they are liable for damages resulting from Dituri striking Sztroin with a pickup truck while Sztroin was "mere steps" from his own vehicle. *See* Dkt. 1-1, ¶¶ 3.1, 3.4–3.6, 4.7, 5.1–5.4. Sztroin's complaint alleges that American Alternative denied UIM coverage because Sztroin was neither "occupying a covered auto" nor "using" his automobile when the collision occurred. *Id.* ¶¶ 4.26, 4.27.

In Washington, to establish that a person was "using" a vehicle for purposes of UIM coverage "depends on the facts of each case." *Butzberger v. Foster*, 151 Wn.2d 396, 410 (2004). And the plaintiff must show that (1) a causal relation or connection exists between the injury and the use of the insured vehicle, (2) the person was in reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it, and (3) the person was engaged in a transaction essential to the use of the vehicle. *Id.*

Considering these factors, the claims against American Alternative appear to involve similar factual issues as the claims against the nondiverse defendants—namely, the factual circumstances surrounding the collision itself. Moreover, Sztroin persuasively argues that the amount in damages resulting from the collision is at issue in his claims against both American Alternative and the nondiverse defendants. *See* Dkt. 5 at 6. Accordingly, there is at least some connection between Sztroin's claims against American Alternative and his claims against the nondiverse defendants.

## III. ORDER

Because American Alternative does not meet its heavy burden to establish that removal was proper, Sztroin's Motion to Remand Case to State Court, Dkt. 5, is **GRANTED**. Furthermore, because remand is proper, American Alternative's Motion to Sever, Dkt. 6, and Motion for Partial Summary Judgment, Dkt. 8, are **DENIED without prejudice** with leave to refile in state court.

Dated this 12th day of October, 2022.

BENJAMIN H. SETTLE
United States District Judge